**MAO YE, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0535–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2008.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, John C. Cunningham, Senior Litigation Counsel, Joan Hogan, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge and RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Mao Ye, a native and citizen of China, seeks review of a January 11, 2008 order of the BIA affirming the December 5, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mao Ye,* No. A98 892 943 (B.I.A. Jan. 11, 2008), *aff'g* No. A98 892 943 (Immig. Ct. N.Y. City Dec. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* Dkt. No. 07–5211, 534 F.3d 162, 163–64 (2d Cir.2008).

Here, substantial evidence supports the agency's adverse credibility determination, which was based on the totality of the circumstances, including: (1) Ye's hesitant and evasive demeanor; (2) the absence of corroborating evidence that the IJ found was reasonably available to Ye; and (3) discrepancies between the testimony and evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin,* 534 F.3d at 164–64.

This Court affords significant deference to the agency's determinations regarding demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang v. United States I.N.S.,* 386 F.3d 66, 73–74 (2d Cir.2004). The IJ had the unique opportunity to "subjectively and intuitively" evaluate Ye's demeanor in person, *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). The IJ's demeanor finding is confirmed by the places in the transcript in which Ye paused and failed to respond to the question asked.

The IJ also properly found that Ye's credibility was called into question based on his initial denial that he practiced Falun Gong with his parents, followed by his testimony that they practiced together, as well as the fact that Ye did not mention distributing flyers or practicing with his sister, but his sister testified to these facts.

*See Xiu Xia Lin,* 534 F.3d at 166 n. 3 (noting that omissions and inconsistencies are "functionally equivalent" for purposes of an adverse credibility determination). The IJ also found implausible Ye's testimony that his parents could not afford to send him to school but were able to pay $60,000 for him to come to the United States, and Ye waived any objection to this finding by failing to raise it in his petition for review. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived . . . .") (internal quotations omitted). The IJ also properly determined that Ye failed to rehabilitate the testimony that had been called into question by presenting corroborating evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *Tu Lin,* 446 F.3d at 400; *Majidi,* 430 F.3d at 81.

To the extent that Ye challenges the agency's other findings supporting the adverse credibility determination, we decline to consider these arguments because, even if there were error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. *See Xiao Ji Chen,* 471 F.3d at 339. Ultimately, substantial evidence supports the agency's adverse credibility determination, under the totality of the circumstances. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin,* 534 F.3d 162. Because the only evidence that Ye's life or freedom will be threatened or that he is likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his withholding of removal and CAT claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).